**SAUL EWING ARNSTEIN & LEHR** LLP

James D. Taylor, Jr.
Phone: (302) 421-6863
Fax: (302) 421-6813
James.Taylor@saul.com

April 6, 2021

(VIA ELECTRONIC FILING)
Honorable Maryellen Noreika
United States District Court for the District of Delaware
844 North King Street
Wilmington, DE 19801

    Re: SentriLock, LLC v. UTC Fire and Security Americas Corp., Inc.
     C.A. No. 1:20-cv-00520

Dear Judge Noreika:

  SentriLock asks the Court to compel Defendant to produce documents in response to SentriLock's Second Set of Requests to Defendant to Produce Documents and Things (Nos. 31-54) ("Requests"), which seeks information regarding a product of Defendant known as TRAC-Box. *See* Exhibit A. SentriLock has demonstrated a reasonable, good faith basis to allege infringement against the TRAC-Box and, therefore, is entitled to discovery pertaining to it.

## Background

  SentriLock alleges Defendant infringes U.S. Patent Nos. 7,949,541 and 8,606,589, which are directed to electronic lockboxes affixed to vehicles at a dealership that contain the vehicles' keys and register information about access to the lockbox. (*See* D.I. 1-1; 1-2.) In its Complaint, SentriLock identified Defendant's Supra KeyAdvantage System as a non-limiting example of an infringing lockbox. (*See* D.I. 1 at ¶ 11.) On October 9, 2020, SentriLock again identified the Supra KeyAdvantage System as a non-limiting example of an accused product. *See* Exhibit B.

  On January 15, 2021, based on publicly available information, SentriLock identified Defendant's TRAC-Box as an additional accused product in its initial claim charts. *See* Exhibit C. On January 19, 2021, SentriLock served the Requests on Defendant. *See* Exhibit A. On February 18, 2021, Defendant served objections to the Requests, refusing to produce any of the requested information and claiming SentriLock had not timely identified TRAC-Box as an accused product. *See* Exhibit D.

  On March 5, 2021, counsel for the parties met and conferred, but Defendant continued to refuse both (1) to acknowledge TRAC-Box as an accused product in this case and (2) to respond substantively to SentriLock's Requests regarding TRAC-Box.

  On March 17, 2021, seeking a resolution to the impasse, SentriLock's counsel asked

P.O. Box 1266 ♦ Wilmington, DE 19899-1266 ♦ Phone: (302) 421-6800 ♦ Fax: (302) 421-6813
Courier Address: 1201 North Market Street, Suite 2300 ♦ Wilmington, DE 19801

DELAWARE   FLORIDA   ILLINOIS   MARYLAND   MASSACHUSETTS   MINNESOTA   NEW JERSEY   NEW YORK   PENNSYLVANIA   WASHINGTON, DC
A DELAWARE LIMITED LIABILITY PARTNERSHIP

37444130.1

April 6, 2021
Page 2

Defendant's counsel whether there were "any scheduling accommodations that we can offer, or will Defendant object to the inclusion of [the TRAC-Box] regardless?" Exhibit E. On March 18, 2021, Defendant's counsel again refused to withdraw its objection to TRAC-Box regardless of any scheduling accommodation but agreed to produce an exemplar of the TRAC-Box. *Id*. On March 19, 2021, SentriLock's counsel thanked Defendant for agreeing to send the exemplar but stated that he "was "disappointed that Carrier continues to object to these products despite our willingness to extend deadlines and without Carrier's having articulated any conceivable prejudice." *Id*.

On April 1, 2021, SentriLock—in response to Defendant's request—agreed to jointly move the Court to extend all deadlines 60 days. *See* Exhibit F.

On April 5, 2021 (18 days after Defendant agreed to produce the TRAC-Box), SentriLock received an exemplar of the TRAC-Box, along with a letter threatening sanctions for SentriLock's inclusion of the TRAC-Box as an accused product in the case. *See* Exhibit G.[1] Defendant also asserted (without any evidentiary support) that the TRAC-Box did not contain a "key identification device," a limitation of the asserted claims. *Id*.

That is, Defendant did not produce with the exemplar any user manuals, product specifications, or sufficient instructions concerning operation of the electronic lockbox. In other words, SentriLock cannot evaluate Defendant's assertion that the TRAC-Box omits a "key identification device" because Defendant has not provided the necessary documentation. Moreover, Defendant's counsel inexplicably closed and locked the box (where the "key identification device" may be found) before sending it to SentriLock, which now requires SentriLock to download software to access the exemplar to open it. *See* Exhibit H.

On April 5, 2021, SentriLock served supplemental initial claim charts, supplementing its disclosure regarding the Supra KeyAdvantage System, but not the TRAC-Box. *See* Exhibit I.

### SentriLock is Entitled to Discovery Regarding the TRAC-Box Because it Appropriately Identified the TRAC-Box as An Accused Product in its Initial Claim Chart

The Court should require Defendant to produce discovery in response to the Requests because SentriLock properly identified the TRAC-Box as an accused product. SentriLock promptly identified the TRAC-Box after learning of it and Defendant has never articulated any prejudice resulting from the timing of its identification as an accused product.

SentriLock based its evaluation of infringement of the TRAC-Box on two publicly available documents, the first dated October 2020 and the second dated November 2020. Exhibit J. SentriLock was not aware of these documents prior to its October 9, 2020 identification of accused products. The TRAC-Box itself is not available to SentriLock because it is sold to proprietors of large RV dealerships (who often purchase hundreds of TRAC-Box products), not other lockbox companies or their counsel (looking to purchase one or two). SentriLock set forth its basis for accusing the TRAC-Box of infringement in two detailed claim charts. *See* Exhibit C.

---

[1] Defendant's counsel initially sent this letter to SentriLock's counsel by email on April 2, 2021.

P.O. Box 1266 ♦ Wilmington, DE 19899-1266 ♦ Phone: (302) 421-6800 ♦ Fax: (302) 421-6813
Courier Address: 1201 North Market Street, Suite 2300 ♦ Wilmington, DE 19801

DELAWARE   FLORIDA   ILLINOIS   MARYLAND   MASSACHUSETTS   MINNESOTA   NEW JERSEY   NEW YORK   PENNSYLVANIA   WASHINGTON, DC
A DELAWARE LIMITED LIABILITY PARTNERSHIP

Defendant has never identified any prejudice from SentriLock's initial identification of the TRAC-Box in its initial claim charts. Indeed, there is none. At the time SentriLock served it initial claim charts on January 15, 2021, its final infringement contentions were not due for another year (January 22, 2022), the fact discovery cutoff was also more than a year off (February 4, 2022), and trial was nearly two years away (November 2022). (*See* D.I. 18, Patent Scheduling Order.)

When pressed, Defendant all-but-conceded that no accommodation to the schedule would ameliorate Defendant's alleged prejudice. *See* Exhibit E. Indeed, when the parties met and conferred, Defendant seemed to recognize that SentriLock could simply file a second lawsuit to address the TRAC-Box, which SentriLock recognizes is both unnecessary and an inefficient drain on both the parties' and the Court's limited resources. In essence, Defendant argues that a patentee can never accuse additional products after serving an initial identification of accused products, a result found nowhere in this Court's case law.

In sum, SentriLock timely identified the TRAC-Box as an accused product in its initial claim charts after learning of two publicly available documents, dated October 2020 and November 2020, and Defendant has never articulated any conceivable prejudice resulting from SentriLock identifying the TRAC-Box as an accused product when it did.

### SentriLock Also Is Entitled to Discovery Regarding the TRAC-Box at Least Because It Is Reasonably Similar to Other Accused Products

The Court should permit discovery of the TRAC-Box regardless of whether it is an accused product. Discovery of unaccused products is permitted. *See Invensas Corp. v. Renesas Electronics Corp.*, 287 F.R.D. 273, 283 (D. Del. Nov. 21, 2012). Were it otherwise, "the inherent purpose of discovery would be stymied by limiting all discovery requests to the infringement known by the patent holder during the early stages of litigation." *Id.* (quoting *Tessera Inc. v. Sony Elecs., Inc.,* No. 10–0838–RMB–KMW, (D.I. 169), slip op. at 7–8 (D. Del. Aug. 8, 2012)).

Courts often permit discovery of unaccused products that are "reasonably similar" to the accused product, depending on (1) their relevance to the existing claims of infringement; (2) whether the plaintiff had the ability to identify such products via publicly available information prior to the request and (3) the nature of the burden on defendant(s) to produce the type of discovery sought. *Id*. at 282 (citing *Prism Techs., LLC v. Adobe Sys., Inc.,* No. 8:10-CV-220, 2011 WL 6210292, at *5 (D. Neb. Dec. 14, 2011)).

These factors weigh in favor of compelling Defendant to produce documents in response to SentriLock's Requests. First, as depicted in its initial claim charts, SentriLock has a reasonable, good faith basis to accuse the TRAC-Box of infringing the asserted claims. *See* Exhibit C. Second, SentriLock has identified the TRAC-Box by name via publicly available information and does not seek broad discovery regarding "all electronic lockboxes." Finally, Defendant never expressed concerns about the burden in producing information; it simply refuses to do so.

For the foregoing reasons, SentriLock requests the Court to compel Defendant to produce documents in response to SentriLock's Requests.

P.O. Box 1266 ◆ Wilmington, DE 19899-1266 ◆ Phone: (302) 421-6800 ◆ Fax: (302) 421-6813
Courier Address: 1201 North Market Street, Suite 2300 ◆ Wilmington, DE 19801

DELAWARE   FLORIDA   ILLINOIS   MARYLAND   MASSACHUSETTS   MINNESOTA   NEW JERSEY   NEW YORK   PENNSYLVANIA   WASHINGTON, DC
A DELAWARE LIMITED LIABILITY PARTNERSHIP

April 6, 2021
Page 4

        Respectfully,

        */s/ James D. Taylor, Jr.*

        James D. Taylor, Jr. (#4009)

P.O. Box 1266 ◆ Wilmington, DE 19899-1266 ◆ Phone: (302) 421-6800 ◆ Fax: (302) 421-6813
Courier Address: 1201 North Market Street, Suite 2300 ◆ Wilmington, DE 19801

DELAWARE  FLORIDA  ILLINOIS  MARYLAND  MASSACHUSETTS  MINNESOTA  NEW JERSEY  NEW YORK  PENNSYLVANIA  WASHINGTON, DC
A DELAWARE LIMITED LIABILITY PARTNERSHIP