

222 Delaware Avenue, Suite 1101, Wilmington, DE 19801 • (302) 252-0920

Original Filing Date: April 6, 2021

Redacted Filing Date: April 12, 2021

**BY ELECTRONIC FILING**

The Honorable Maryellen Noreika
United States District Court
for the District of Delaware
844 N. King Street
Wilmington, DE 19801-3556

Stephen J. Kraftschik
302-252-0926
302-252-0921 Fax
skraftschil@polsinelli.com

**REDACTED - PUBLIC VERSION**

Re: *SentriLock, LLC v. UTC Fire and Security Americas Corporation, Inc.,*
C.A. No. 20-520 (MN)

Dear Judge Noreika:

Defendant UTC Fire and Security Americas Corporation, Inc. ("UTCFSA") submits this letter in advance of the April 12, 2021 discovery conference. UTCFSA requests that the Court issue a ruling rejecting Plaintiff SentriLock, LLC's ("SentriLock") attempt to include the untimely-identified TRAC-Box and TRACcess Manager System products ("TRACcess") in this case as accused products. These products have been publicly available since at least 2013, and nothing prevented SentriLock from complying with the Court's deadlines on disclosure. Plaintiff has failed to show good cause for including these untimely-identified products in this case.

**Plaintiff Lacks Good Cause for Including Untimely Identified Accused Products**

Pursuant to the Court's Scheduling Order, D.I. 18 ¶ 7, SentriLock was required on October 9, 2020 to provide UTCFSA with notice of the accused products. SentriLock's disclosure did not include TRACcess, and SentriLock has provided no explanation what precluded it from including these products in its disclosure before the deadline. Good cause is required to add additional accused products after the deadline. *Id.* ("Absent agreement among the parties, and approval of the court…[b]y October 9, 2020, Plaintiff shall identify the accused product(s)"). Additionally, SentriLock failed to amend its Complaint to identify TRACcess as accused products before the November 13, 2020 deadline to file an amended pleading. *Id.* at ¶ 2. The Initial Infringement Contentions served on January 15, 2021 was the first time that SentriLock identified the TRAC-Box or the TRACcess Manager System as accused products. SentriLock failed to seek approval from the Court before attempting to include the untimely-identified accused products in this case.

SentriLock has failed to show good cause for adding additional accused products to this case. The TRACcess products were publicly available at least as early as 2013, well before the

polsinelli.com

Atlanta   Boston   Chicago   Dallas   Denver   Houston   Kansas City   Los Angeles   Miami   Nashville   New York
Phoenix   St. Louis   San Francisco   Seattle   Silicon Valley   Washington, D.C.   Wilmington
Polsinelli PC, Polsinelli LLP in California



The Honorable Maryellen Noreika
April 6, 2021
Page 2

SentriLock's April 17, 2020 Complaint. As detailed in its April 2, 2021 letter, UTCFSA believes that SentriLock identified these additional accused products in violation of Rule 11. *See* Ex. A.

If SentriLock had performed a proper Rule 11 investigation, it would have easily discovered that TRACcess does not infringe the Asserted Patents because it does not practice the key identification device limitations of the Asserted Claims. Each of the Asserted Claims require a key identification device for attachment to a key positioned inside a lockbox. Neither the TRAC-Box nor the TRACcess Manager System include a key identification device that attaches to a key. This claimed limitation is wholly missing from the accused TRAC-Box and TRACcess Manager System. There is nothing in UTCFSA's publicly available materials or information that indicates that there has ever been or is currently now any sort of physical device that attaches to keys for the TRACcess products. In an effort to encourage SentriLock to conduct a Rule 11 investigation, and withdraw/dismiss its allegations of infringement against TRACcess, UTCFSA provided SentriLock's counsel with an exemplar of the TRACcess. *See* Ex. A. Despite this, SentriLock continues to maintain its infringement allegations regarding TRACcess, and demands discovery regarding a product that is not properly in this case. As the Federal Circuit has held,

> were suit brought...on a mere suspicion of infringement, discovery would not be allowed based on allegation alone. A bare allegation of wrongdoing...is not a fair reason for requiring a defendant to undertake financial burdens and risks to further a plaintiff's case. *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 363, 57 L. Ed. 2d 253, 98 S. Ct. 2380 (1978). *The discovery rules are designed to assist a party to prove a claim it reasonably believes to be viable without discovery, not to find out if it has any basis for a claim.*

*Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1327 (Fed. Cir. 1990) (emphasis added). There is no good cause for the inclusion of TRACcess products in this case, or for discovery regarding the same. UTCFSA and SentriLock are competitors in certain industries, including the industries that TRACcess serves. UTCFSA believes SentriLock has accused TRACcess of infringement to obtain highly confidential discovery regarding competitive products. SentriLock's actions amount to an impermissible fishing expedition.

Additionally, allowing SentriLock to include the untimely-identified accused products now unfairly prejudices UTCFSA. UTCFSA has invested significant resources and time formulating its case strategies based on allegations made in the Complaint, and SentriLock's pre-suit communications referenced therein. *See* D.I. 1, ¶¶ 12-13. Nowhere in the Complaint nor the pre-suit communications, dating back to July of 2019, does SentriLock accuse TRACcess of infringing the patents asserted in this case. *See id*; Ex. B (SentriLock's July 2019 letter), Ex. C (SentriLock's Feb. 2020 letter). Thus, UTCFSA was completely blindsided by SentriLock's untimely-identified accused products in January of 2021, and for which there is no Rule 11 colorable claim of



The Honorable Maryellen Noreika
April 6, 2021
Page 3


infringement. Accordingly, the TRAC-Box and TRACcess Manager System should be excluded as accused products, and SentriLock should be precluded from seeking discovery regarding the same.

                                                Sincerely,

                                                */s/ Stephen J. Kraftschik*

                                                Stephen J. Kraftschik (#5623)


SJK:ncf
Enclosures
cc:  All Counsel of Record