

222 Delaware Avenue, Suite 1101, Wilmington, DE 19801 • (302) 252-0920

July 30, 2021

Stephen J. Kraftschik
302-252-0926
302-252-0921 Fax
skraftschil@polsinelli.com

**BY ELECTRONIC FILING**

The Honorable Maryellen Noreika
United States District Court
for the District of Delaware
844 N. King Street
Wilmington, DE  19801-3556

      Re:    *SentriLock, LLC v. Carrier Fire & Security Americas Corp, Inc.,*
             **C.A. No. 20-520 (MN)**

Dear Judge Noreika:

Defendant Carrier Fire & Security Americas Corp. ("Carrier") submits this letter in advance of the August 5, 2021 discovery conference.  Carrier requests that the Court order Plaintiff SentriLock, LLC ("Plaintiff") to provide adequate disclosure of its infringement contention by a date certain before Carrier is required to serve its responsive claim construction brief.[1]  Carrier also requests it be permitted to modify its claim construction positions and terms after receiving Plaintiff's adequate infringement contentions and that the current schedule be modified in view of the same.

**Plaintiff's Deficient Direct Infringement Contentions:** Pursuant to Paragraph 4(c) of the Delaware Default Standard Plaintiff's Infringement Contentions are deficient, and fail to respond sufficiently to Carrier's Interrogatory No. 2, which seeks the basis for direct and indirect infringement on a limitation-by-limitation basis. Ex. B, p. 7.  Infringement contentions are required to provide notice to a defendant of the infringement theories beyond the mere language of the patent claim. *Intellectual Ventures I LLC v. AT&T Mobility LLC*, 2017 WL 658469, at *6 (D. Del. Feb. 14, 2017).  And, infringement contentions are required to crystallize theories of infringement early in the litigation in an effort to prevent "shifting sands" approach to plaintiff's claims. *Id.* (citing *Keranos, LLC v. Silicon Storage Technology, Inc.,* 797 F.3d 1025, 1034–35 (Fed. Cir. 2015)). Plaintiff served its original Infringement Contentions on Jan. 15, 2021. After multiple meet and confers regarding the deficiencies in Plaintiff's contentions, Plaintiff served Supplemental Infringement Contentions nearly four months later on April 5, 2021 ("Contentions").  Ex. C and D.  After reviewing Plaintiff's Contentions, Carrier again identified several of the same deficiencies that it identified in the original contentions (*see* Ex. E), but ultimately Plaintiff chose not to address any of the deficiencies.  Plaintiff has failed to provide a meaningful indication as to how the Accused Product allegedly infringes. Plaintiff is attempting to gain an unfair advantage by obscuring its infringement allegations, which would result in a trial by ambush of Carrier.

---

[1] Carrier sought agreement with Plaintiff to move the claim construction deadlines in view of this dispute and Plaintiff rejected Carrier's proposal. *See* Ex. A (July 1 Ltr from Carrier).

polsinelli.com

Atlanta    Boston    Chicago    Dallas    Denver    Houston    Kansas City    Los Angeles    Miami    Nashville    New York
Phoenix    St. Louis    San Francisco    Seattle    Silicon Valley    Washington, D.C.    Wilmington
Polsinelli PC, Polsinelli LLP in California



The Honorable Maryellen Noreika
July 30, 2021
Page 2

In particular, Plaintiff's Contentions fail to provide the required limitation-by-limitation analysis tying specific features of the Accused Product to the claim limitations of the asserted patents. Stated differently, Plaintiff's Contentions fail to describe where many of the limitations of the asserted claims are present in the Accused Product. By way of example, many of the asserted claims require at least one activity module with a wireless transmitter, sensor, and processor. Ex. F, claims 1 and 14; Ex. G, claim 45. However, Plaintiff's Contentions fail to identify what is accused to be within the scope of the claimed wireless transmitter, processor, or sensor. Ex. C, p. 6-11, 32-36; Ex. D, p. 72-77. Instead, Plaintiff cites to information regarding Carrier's Keypad, Keybox (a lockbox), software, and Programming Base, but it is unclear which of these components is alleged to be the accused wireless transmitter, sensor, or where these claim limitations are found in the Accused Product. Is the claimed wireless transmitter alleged to be located in the Keypad, Keybox, or Programming Base (or a combination of the foregoing)? Is the claimed sensor the Keypad, Keybox, or Programming Base (or a combination of the foregoing)? Is the claimed processor located in the Keypad, Keybox, Programming Base, or the computer that the software is installed on (or a combination of the foregoing)? Nothing in Plaintiff's Contentions answer these questions (*see id.*), which leaves Carrier guessing about Plaintiff's actual infringement allegation. By way of another example, Plaintiff's Contentions fail to identify sufficiently what and how Carrier is alleged to infringe limitations that require a computer to wirelessly communicate with one or more activity modules. Ex. D, p. 47-50, 84-87, 89-90; Ex. C, pp. 11-14. Plaintiff nakedly asserts that the Keybox and Keypad wirelessly communicate to a PC. And then contends that the plain and ordinary meaning of wireless communication means communication without wires (see Dkt. 57, term 2), yet the alleged communication cited in the Contentions use a wire. Ex. D, p. 47-50, 84-87, 89-90; Ex. C, pp. 11-14. Even further, Plaintiff's Contention for this claim 14 limitation of the '589 Patent is blank. See Ex. C, p. 37. Notably, Plaintiff refused to either supplement or clarify the foregoing after this limitation was identified as a deficiency in a letter. See Ex. E p. 2. Plaintiff's Contentions are intentionally ambiguous in view of recent statements made by Plaintiff in its Preliminary Response to Carrier's Petition for *inter partes* review ("IPR"). Specifically, Plaintiff and its expert asserted that a keypad is not a sensor. Ex. H, p. 40, Ex. I. Notably, this assertion is contrary to Plaintiff's allegation of infringement for dependent claim 17 of the '589 Patent where Plaintiff alleges that Carrier's Keypad is a sensor. See Ex. C, p. 52.[2] Plaintiff is taking one position for infringement and a contradictory one for invalidity. This shifting sands litigation tactic should be rejected, and is a text book example of why Plaintiff should be ordered to provide adequate infringement contentions prior to Carrier filing its claim construction brief. Further, Carrier should be afforded the opportunity to revise its current claim construction positions after receiving adequate disclosure of infringement contentions.[3]

**<u>Plaintiff's Deficient Indirect Infringement Contentions:</u>** Plaintiff's indirect infringement contentions are deficient because they fail to crystallize Plaintiff's inducement and contributory

---

[2] As discussed above, it unclear what is alleged to be claimed sensor for the independent claims.
[3] All of the deficiencies of SentriLock's Contentions are identified in Carrier's June 22 Letter attached as Ex. E.



infringement allegations, and likewise respond to Interrogatory No. 2. The extent of Plaintiff's indirect infringement allegations consists of a handful of conclusory statements in the coversheet of its Contentions. Ex. J. With respect to induced infringement, Plaintiff fails to (1) identify what claims are allegedly infringed under inducement; (2) identify the instructions, advertisements, promotions, or other activity that is the alleged inducing activity; (3) provide the basis for how Carrier supposedly knew its alleged acts of inducement constituted infringement (mere knowledge of an asserted patent is not enough); and (4) identify the alleged direct infringer for Plaintiff's inducement allegations. *LoganTree LP v. Omron Healthcare, Inc.*, 2019 WL 4538730, at *4 (D. Del. Sept. 19, 2019) (Noreika) (dismissing a Complaint that failed to identify who is performing the underlying act of direct infringement); and *DoDots Licensing Sols. LLC v. Lenovo Holding Co.*, 2018 WL 6629709, at *4–5 (D. Del. Dec. 19, 2018) (dismissing a complaint that failed to identify the specific instruction or encouragement that is the alleged inducing activity). Plaintiff's contributory infringement contentions are deficient because they (1) do not identify what claims are asserted under contributory infringement; (2) do not describe or provide the factual basis how the accused components for contributory infringement are especially made for or adapted for use for infringement and has no substantial noninfringing uses; and (3) do not identify the alleged direct infringer for the contributory infringement claims or provide evidence of that third party's direct infringement. *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 850-51 (Fed. Cir. 2010); *Uniloc 2017 LLC v. Apple, Inc.*, 2020 WL 978678, at *6 (N.D. Cal. Feb. 28, 2020) ("For contributory infringement, [Plaintiff] must describe how the [accused] feature is especially made or adapted for use in infringement of the asserted claims and not a staple article or commodity of commerce suitable for substantial noninfringing use."). Accordingly, Plaintiff should be ordered to supplement its indirect infringement contentions.

**Conclusion:** Carrier continues to be unduly prejudiced in evaluating its defenses, developing its claim construction positions and preparing for trial. Faced with the impending deadline of file a responsive claim construction brief by Aug. 27, 2021, Carrier's efforts to identify what claim terms are in dispute and the meaning of those terms have been obfuscated by Plaintiff's vague and ambiguous Contentions, especially in view of positions it has taken in response to Carrier's IPR. Plaintiff's trial-by-ambush tactics should not be rewarded. Accordingly, Carrier request that the Court order Plaintiff to supplement its infringement contentions to provide adequate disclosure of its infringement contention on a limitation-by-limitation basis by a date certain. Carrier also requests that the schedule be adjusted in view of the same, and that Carrier be permitted to modify, amend or supplement its claim construction positions after receiving Plaintiff's adequate infringement contentions.

Sincerely,

*/s/ Stephen J. Kraftschik*

Stephen J. Kraftschik (#5623)

SJK:ncf
Enclosures
cc: All Counsel of Record