

James D. Taylor, Jr.<br>
Phone: (302) 421-6863<br>
Fax: (302) 421-6813<br>
James.Taylor@saul.com<br>
www.saul.com

August 2, 2021

**(VIA ELECTRONIC FILING)**
Honorable Maryellen Noreika
United States District Court for the District of Delaware
844 North King Street
Wilmington, DE 19801

  Re: SentriLock, LLC v. Carrier Fire and Security Americas Corp., Inc.
     C.A. No. 1:20-cv-00520 (MN)

Dear Judge Noreika:

  The Court should deny Carrier's request for an order: 1) requiring SentriLock to *again* supplement its initial claim charts; 2) postponing Carrier's deadline to serve its responsive claim construction brief; and 3) permitting Carrier to modify its claim construction positions and terms.

  SentriLock's supplemental initial claim charts are not deficient under the Court's rules and Carrier's alleged prejudice is belied by its delay in seeking relief. Moreover, Carrier is familiar with the patents-ins-suit. It evaluated the '541 Patent a *decade ago* in view of acquisition negotiations, and it filed *two petitions for inter partes review* at the Patent Trial and Appeal Board ("PTAB") on March 15, 2021, wherein Carrier alleged *no claim construction was required*. Claims are not to be construed in view of parties' specific infringement or invalidity positions; the meaning of a claim term is to be determined in view of the patent's claims, specification, and prosecution history, as well as the knowledge and experience of the skilled artisan.

  SentriLock requests an order denying all relief Carrier seeks, but in any event declining to postpone or modify the claim construction schedule.

**I. SentriLock's Initial Claim Charts Comply with the Local Rules**

  Paragraph 4(c) of the Court's Default Standard for Discovery requires the patent owner to produce "an initial claim chart *relating each* accused product to the asserted claim each product allegedly infringes." (Emphasis added). Footnote 3 to the Default Standard for Discovery acknowledges that "[a]s these disclosures are 'initial,' each party *shall be permitted to supplement*." (Emphasis added). Carrier cites no authority addressing this standard. Rather, it relies on *Intellectual Ventures I LLC v. AT&T Mobility*, No. 13-cv-1668-LPS, 2017 WL 658469 (D. Del. Feb. 14, 2017), which involves a motion to strike "*final infringement contentions*" (*see id.* at *1-2) and *Keranos, LLC v. Silicon Storage Tech., Inc.*, 797 F.3d 1025 (Fed. Cir. 2015), which

P.O. Box 1266 ♦ Wilmington, DE 19899-1266 ♦ Phone: (302) 421-6800 ♦ Fax: (302) 421-6813
Courier Address: 1201 North Market Street, Suite 2300 ♦ Wilmington, DE 19801

DELAWARE  FLORIDA  ILLINOIS  MARYLAND  MASSACHUSETTS  MINNESOTA  NEW JERSEY  NEW YORK  PENNSYLVANIA  WASHINGTON, DC
A DELAWARE LIMITED LIABILITY PARTNERSHIP

August 2, 2021
Page 2

involves the E.D. Texas's local patent rules that require infringement contentions to be "*as specific as possible*" and only allow amendment by order of the court upon establishing *good cause* (*see id*. at 1035). *Intellectual Ventures* and *Keranos* are inapposite to the present dispute, which involves initial claim charts that need only "relate" the accused products to the asserted claims and may be amended at-will. Also, here, the Court has not issued a claim construction order (*Markman* hearing is scheduled for November 3, 2021), final infringement contentions are not due until February 11, 2022, and discovery does not close until February 25, 2022.

The items that Carrier alleges are deficient go to the merits of the infringement claims. Carrier is no stranger to these patents, having evaluated the '541 Patent more than a decade ago (*see* Exhibit 1) and having filed two petitions for *inter partes* review in March 2021. *See* Exhibits 2 & 3. Moreover, discovery in this case is ongoing. The merits are still to be fully explored. Carrier's approach appears to be to find fault with initial disclosures that, under the Court's rules of practice, are sufficient, rather than conduct its own discovery.  In short, Carrier is asking the Court to require SentriLock to produce final infringement contentions at a juncture of the case when it is inappropriate to do so.

## II.   Carrier's Delay in Seeking the Requested Relief is Grounds to Deny It

Carrier's recitation of the history of this dispute is incomplete. SentriLock served its initial claim charts on January 15, 2021. The parties met and conferred about the initial claim charts on January 22, 2021 when Carrier identified a single alleged deficiency in nearly 200 pages of claim charts. *See* Exhibit 4. Twenty-one days later, on February 12, 2021, Carrier sent a letter explaining its alleged deficiencies. *See* Exhibit 5. On March 5, 2021, the parties met and conferred about the issue again, during which SentriLock agreed in compromise to supplement its initial charts within 30 days, and did so on April 5, 2021. On March 15, 2021, without the benefit of those supplemental initial claim charts, Carrier filed two petitions for *inter partes* review before the PTAB, wherein it alleged that no claim construction was required to resolve the questions of patentability presented. *See* Exhibits 2 & 3.

On May 17, 2021, the parties met and conferred again about SentriLock's now supplemented initial claim charts, during which SentriLock affirmatively stated that it would not agree to supplement its initial claim charts further based on Carrier's allegation of deficiencies, unless the Court ordered it to do so. Carrier next communicated regarding this issue on June 22, 2021 (without explanation for its 36-day delay), six days before the parties were required to identify disputed claim terms for claim construction purposes. Carrier stated that it would seek Court intervention regarding SentriLock's initial claim charts and move the Court to delay claim construction until it resolved the issue. *See* Carrier, Ex. E. In a June 25, 2021 email, SentriLock stated its opposition to that action, noting Carrier's delay. *See* Exhibit 6. Carrier reiterated its position in a letter dated July 1, 2021. *See* Carrier, Ex. A. SentriLock reiterated its opposing position in a letter dated July 2, 2021. *See* Exhibit 7.

Although the parties reached an impasse regarding SentriLock's supplemental initial claim charts on May 17, Carrier did nothing about it until the eve of claim construction. Having waited more than a month to seek Court intervention, Carrier's complaints of prejudice ring hollow and should not be heard by the Court.

P.O. Box 1266 ◆ Wilmington, DE 19899-1266 ◆ Phone: (302) 421-6800 ◆ Fax: (302) 421-6813
Courier Address: 1201 North Market Street, Suite 2300 ◆ Wilmington, DE 19801

DELAWARE   FLORIDA   ILLINOIS   MARYLAND   MASSACHUSETTS   MINNESOTA   NEW JERSEY   NEW YORK   PENNSYLVANIA   WASHINGTON, DC
A DELAWARE LIMITED LIABILITY PARTNERSHIP

August 2, 2021
Page 3

### III. Claim Construction Does Not Depend on SentriLock's Initial Claim Charts

The Federal Circuit has repeatedly cautioned that "'claims may not be construed with reference to the accused products.'" *See, e.g.*, *Wilson Sporting Goods Co. v. Hillerich & Bradsby Co.*, 442 F.3d 1322, 1327 (Fed. Cir. 2006) (citation omitted). This does not mean that the accused products cannot give context to the Court's claim construction, but "a trial court should certainly not prejudge the ultimate infringement analysis by construing claims with an aim to include or exclude an accused product or process[.]" *Id.* at 1327.

Carrier appears to believe that the rule is otherwise. It presses for more and more detail regarding SentriLock's infringement contentions before Carrier can allegedly come to a conclusion regarding its claim construction positions. "The words of a claim," however, "are generally given their ordinary and customary meaning as understood by a person of ordinary skill in the art when read in the context of the specification and prosecution history." *Thorner v. Sony Computer Enter'ment America LLC*, 669 F.3d 1362, 1365 (Fed. Cir. 2012) (citations omitted). "There are **only two exceptions to this general rule**: 1) when a patentee sets out a definition and acts as his own lexicographer, or 2) when the patentee disavows the full scope of a claim term either in the specification or during prosecution." *Id.* (citations omitted) (emphasis added)).

None of these considerations involve whether SentriLock has "related" the accused products to the asserted claims to Carrier's satisfaction. This is even more correct in view of Carrier's recent statement to the PTAB that it "does not believe any claim term requires a construction in order to resolve if the Challenged Claims are unpatentable based on the prior art presented." (Exhibit 2 at 21; Exhibit 3 at 24.) There is a significant disconnect between Carrier's position before the Board, where it proposed broad constructions for patentability challenges, and its position before this Court, where it seeks narrow constructions for infringement purposes. (*See* D.I. 57.); *See also Source Search Tech. LLC v. LendingTree LLC*, 588 F.3d 1063, 1075 (Fed. Cir. 2009) ("It is axiomatic that claims are construed the same way for both invalidity and infringement.") (quotations and citations omitted). Moreover, Carrier cannot explain how it is that SentriLock's allegedly deficient initial claim charts did not prevent Carrier from alleging unpatentability with no construction to the Board, but SentriLock's allegedly deficient initial claim charts do not allow Carrier to proceed with claim construction in this case.

The same claim construction applies to both infringement and invalidity. The Court should deny Carrier's request for postponing claim construction and proceed with it as scheduled.

Respectfully,

*/s/ James D. Taylor, Jr.*

James D. Taylor, Jr. (#4009)

Enclosures
cc: All counsel of record

P.O. Box 1266 ♦ Wilmington, DE 19899-1266 ♦ Phone: (302) 421-6800 ♦ Fax: (302) 421-6813
Courier Address: 1201 North Market Street, Suite 2300 ♦ Wilmington, DE 19801

DELAWARE   FLORIDA   ILLINOIS   MARYLAND   MASSACHUSETTS   MINNESOTA   NEW JERSEY   NEW YORK   PENNSYLVANIA   WASHINGTON, DC
A DELAWARE LIMITED LIABILITY PARTNERSHIP